IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>v.<br>**FELICITA ILARRAZA-PANTOJAS,**<br>Defendant. | **I N D I C T M E N T**<br><br>CRIMINAL NO. 04-415(SEC)<br><br>Title 21, <u>United States Code</u>, Sections:<br>331(k) (Misbranding of drugs),<br>333(a)(2) (with intent to defraud and mislead),<br><br>**( NINE COUNTS)** |

## THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At all times relevant to this indictment:

1.      The defendant, FELICITA ILARRAZA-PANTOJAS, did not possess any license to practice medicine in the Commonwealth of Puerto Rico.

2.      The United States Food and Drug Administration (FDA) was the federal agency charged with the responsibility of protecting the health and safety of the American public by enforcing the Food, Drug, and Cosmetic Act ("FDCA").  FDA's responsibilities under the FDCA included regulating the manufacture, labeling, and distribution of all drugs and drug components shipped or received in interstate commerce.

3.      The term "drug" includes  articles, other than food, intended to affect the structure or any function of the body of man or other animals, and articles intended for use as a component of these articles, pursuant to Title 21, <u>United States Code</u>, Section 321(g).

4.      A drug is deemed to be "misbranded" unless its labeling bears adequate directions for use, as established in Title 21, <u>United States Code</u>, Section 352(f)(1).

INDICTMENT
United States v. Felícita Ilarraza-Pantojas
Page 2

5.      To "bear adequate directions for use" means that the labeling for a drug must contain directions under which the layman can use the drug safely and for the purposes for which it is intended, pursuant to Title 21, United States Code, Section 201.5.

6.      Under Title 21, United States Code, Section § 331(k) it is an offense to do any act with respect to a drug that results in said drug being misbranded, if such act is done while held for sale after shipment in interstate commerce.

7.      Pursuant to 21, United States Code, Section 379a, in any action to enforce the requirements of the Food, Drug and Cosmetic Act respecting a device, food, drug, or cosmetic the connection with interstate commerce required for jurisdiction in such action shall be presumed to exist.

8.      The term "prescription drug" means a drug that because of its toxicity and other potential harmful effects, was not safe for use except under the supervision of a practitioner licensed by law to administer the drug, pursuant to Under Title 21, United States Code, Section 353(b)(1)(A).  A drug was also deemed to be a prescription drug if a new drug application approved by the United States Food and Drug Administration limited the drug to use under the professional supervision of a practitioner licensed by law to administer the drug, pursuant to Title 21, United States Code, Section 353(b)(l)(B).  The act of dispensing a drug contrary to the provisions of Section 353(1)(b)(B) is deemed to be an act which results in the drug being misbranded while held for sale.

INDICTMENT
United States v. Felícita Ilarraza-Pantojas
Page 3

## COUNTS ONE through NINE
### Misbranding of drugs with intent to defraud and mislead
### 21 U.S.C § 331(k) and 333(a)(2)

On or about November of 2004, in the District of Puerto Rico and elsewhere and within the jurisdiction of this Court,

## FELICITA ILARRAZA-PANTOJAS,

the defendant herein, with intent to defraud and mislead, did an act that caused the misbranding of each of the drugs listed below, while the drugs were held for sale after shipment in interstate commerce; that is, the defendant, sold, dispensed and injected into human beings the drugs listed below for pay and profit, and after making false representations to the persons injected as to the nature and source of the products, without said drugs having adequate directions for use, causing the misbranding of said drugs:

| COUNTS | Misbranded Drug | Manufactured by... |
|---|---|---|
| ONE | Reducel (2 ml ampules) | ID-Farma, Barcelona, Spain |
| TWO | Redugras (2 ml ampules) | ID-Farma, Barcelona, Spain |
| THREE | Lidocaine Hcl injectable 2% (100ml bottle) | VEDCO |
| FOUR | Lidocaine Hcl injectable 2% (100 ml bottle) | AMTECH |
| FIVE | Cardispan | USB Grossman, México |
| SIX | Cyanocobalamin injection (1000mcg/ml)(10ml bottle) | American Regent Laboratories, Inc., New York |
| SEVEN | Zinc-Selenio-Silicio (2cc ampules) | ID-Farma, Barcelona, Spain |
| EIGHT | Cynara Scolymous 2% (5 ml bottle) | ID-Farma, Barcelona, Spain |
| NINE | Algisium 1% ( 5ml vial) | ID-Farma, Barcelona, Spain |

each misbranded drug listed above constituting a separate and distinct violation of Title 21, United

INDICTMENT
United States v. Felícita Ilarraza-Pantojas
Page 4

States Code, Section 331(k) and 333(a)(2).


H.S. GARCIA
United States Attorney


Sonia I. Torres
Assistant U.S. Attorney
Chief Criminal Division


Nereida Meléndez
Assistant U.S. Attorney
Deputy Chief, Economic Crimes Unit


FOREPERSON


José A. Ruiz-Santiago
Assistant U.S. Attorney


Dated: December 15, 2004.